IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FGX INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES MERCHANDISE, INC. AND CHARLES MASCARI, <br><br> Defendants. | Case No. 23-cv-00206 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, FGX International Inc., through undersigned counsel, files this Complaint against Defendants Charles Merchandise, Inc. and Charles Mascari (collectively, "Defendants"), and alleges:

## INTRODUCTION

1. This lawsuit arises from the violation of the intellectual property rights of FGX International by Defendants' ongoing and promotion and sale of sunglasses and reading glasses bearing counterfeits of FGX International's Foster Grant trademarks (the "Counterfeit Merchandise"). Through this action, FGX International seeks to enjoin Defendants' counterfeiting activities and to protect unknowing consumers from purchasing Counterfeit Merchandise.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have their principal place of business, and/or continue to infringe FGX International's famous trademarks in this Judicial District.

## PARTIES

4. Plaintiff, FGX International Inc. ("FGX International") is a corporation that is organized and existing under the laws of the State of Delaware, with a principal place of business in Smithfield, Rhode Island.

5. Defendant, Charles Merchandise, Inc. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1519 E. Main Street #400, St. Charles, IL 60174. Charles Merchandise, Inc. is a distributor of sunglasses, reading glasses and promotional goods, and it operates under the trade name "Apollo Eyewear". As alleged herein, Charles Merchandise, Inc. is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

6. Defendant, Charles Mascari ("Mascari") is an individual residing in Kane County, Illinois. Mascari is the President, director, and manager of Charles Merchandise, Inc., and the conscious and moving force behind that entities' operations.

## FACTUAL ALLEGATIONS

A. The World-Famous FGX International Brands and Products

7. FGX International is engaged in the design, marketing and sale of non-prescription reading glasses and sunglasses throughout the world. FGX International's proprietary brands include Foster Grant, Haven, Solar Shield, and SunReaders, among others.

8. FGX is part of EssilorLuxottica, a global leader in the design, manufacture and distribution of ophthalmic lenses, frames and sunglasses.

2

9. FGX International's Foster Grant products are distributed and sold through authorized retail stores, and various websites, including its own www.fostergrant.com, throughout the United States, including Illinois.

10. FGX International has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Foster Grant products, including but not limited to those detailed in this Complaint.

11. FGX International has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Foster Grant trademarks. As a result, products bearing the Foster Grant trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from FGX International, and have acquired strong secondary meaning.

12. FGX International is the owner of the following United States Federal Trademark Registrations (collectively, the "Foster Grant Trademarks"):

| **Registration Number** | **Trademark** | **Good and Services** |
| --- | --- | --- |
| 1,255,021 | FOSTER GRANT | For: eyeglasses; eye protection glasses; eyeglass accessories- namely, hinge rings, nose and temple pads, chains and cords, and elastic straps in Class 9. |
| 4,177,416 | SIGHT STATION | For: Spectacles; reading glasses; eyewear; eyewear accessories, namely, eyewear cases in Class 9. |

3

13. FGX International has long been manufacturing and selling in interstate commerce eyewear under the Foster Grant Trademarks. These registrations are valid and subsisting and incontestable.

14. The registration of the Foster Grant Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of FGX International's exclusive right to use the Foster Grant Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Foster Grant Trademarks also provides constructive notice to Defendants of FGX International's ownership and exclusive rights in the Foster Grant Trademarks.

16. The Foster Grant Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Foster Grant Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.  Defendants' Counterfeiting Activities**

18. Defendants operate an eyewear showroom inside the Regent Building located at 999 Palmer St., River Grove, Illinois 60171.

19. On or about December 5, 2022, FGX International discovered that Defendants were advertising, displaying, and offering for sale eyeglasses bearing logos and source-identifying indicia that are imitations of one or more of the Foster Grant Trademarks. Below are photographs depicting several of the eyeglasses that were being displayed and offered for sale on or about that day:

 

20. FGX International subsequently inspected the eyeglasses depicted in the above photographs and determined that one or more of the Foster Grant Trademarks affixed to the eyeglass frames and hangtags are either incorrect or inconsistent with the Foster Grant Trademarks found on similar products and items bearing authentic Foster Grant Trademarks.

21. FGX International further determined that the items depicted in the above photographs bore reproductions of FGX International's Foster Grant Trademarks and were in fact counterfeit products that infringed one or more of the Foster Grant Trademarks.

22. Defendants have no license, authority or permission from FGX International to use the Foster Grant Trademarks in connection with the advertising, distribution, offering for sale and sale of the Counterfeit Merchandise.

5

23. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized products of FGX International.

24. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and FGX International.

25. Defendants are well-aware of the extraordinary fame and strength of the Foster Grant brand, the Foster Grant Trademarks, and the incalculable goodwill associated therewith.

26. Defendant Mascari was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore he was a direct participant in the infringing activities alleged herein.

27. Defendant Mascari materially participated, contributed to and facilitated the above-described infringement of the FGX International's Foster Grant Trademarks by having permitted the offering for sale and the sale of Counterfeit Merchandise by Charles Merchandise, Inc. through (i) his knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) his constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) his willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

28. At all relevant times, Defendant Mascari had and continues to have the right and ability to supervise the infringing conduct of Charles Merchandise, Inc. and has a direct financial interest in the infringing conduct; however, he continued to act with reckless disregard and willful blindness, effectively condoning Charles Merchandise Inc.'s unlawful activities.

29. Defendants' knowing and deliberate hijacking of FGX International's famous Foster Grant Trademarks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to FGX International's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is inferior in quality to products bearing authentic Foster Grant Trademarks.

30. The harm being caused to FGX International is irreparable and FGX International does not have an adequate remedy at law. FGX International therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

31. FGX International also seeks damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing FGX International's Foster Grant Trademarks.

## COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

32. FGX International repeats and realleges the allegations set forth in Paragraphs 1 through 31 above.

33. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of the Foster Grant Trademarks.

34. Defendants have advertised, distributed, offered for sale and sold merchandise bearing counterfeits of one or more of the Foster Grant Trademarks without FGX International's permission.

35. Defendants' actions are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing

that Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized product of FGX International.

36. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and FGX International.

37. Defendants directly and willfully infringed FGX International's Foster Grant Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, FGX International, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Charles Merchandise, Inc. and Charles Mascari, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114 and 1125);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, including their agents, employees, and all those persons or entities in active concert or participation with it from:

1. importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Foster Grant Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of FGX International's rights in the Foster Grant Trademarks;

2. engaging in any other activity constituting unfair competition with FGX

International, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any trademark, service mark, name, logo, design and/or source designation associated with the Foster Grant Trademarks.

    C.    Requiring Defendants to file with this Court and serve on FGX International within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    D.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by FGX International, or is related in any way with FGX International and its products;

    E.    Awarding FGX International statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

    F.    Awarding FGX International its costs, investigatory fees, and expenses;

    G.    Awarding FGX International pre-judgment interest on any monetary award made part of the judgment against Defendants; and

    H.    Awarding FGX International such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, FGX International requests a trial by jury in this matter.

Dated this 13th day of January 2023.  Respectfully submitted,


/s/ Justin R. Gaudio
Justin R. Gaudio
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
jgaudio@gbc.law
jchristensen@gbc.law

*Counsel for FGX International Inc.*

-and-


By: /s/ David B. Rosemberg
David B. Rosemberg, P.A. (Fla. Bar No. 0582239)
(*motion for pro hac vice admission to be filed*)
david@rosemberglaw.com
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
Telephone: 305.602.2008
Facsimile:   305.602.0225

*Counsel for FGX International Inc.*